**ORIGINAL**

Approved: _____

ELINOR TARLOW
Assistant United States Attorney

**19 MAG 5396**

Before: HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - v. -

DOMINGO REY SUAREZ,

              Defendant.

- - - - - - - - - - - - - - - - - - X

:
:  **COMPLAINT**
:
:  19 Mag.
:
:  Violations of 18
:  U.S.C. §§ 1956 and 2
:
:  COUNTY OF OFFENSE:
:  NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

RICARDO F. FARQUHARSON, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration, and charges as follows:

## COUNT ONE

### (Money Laundering)

1. In or about 2019, in the Southern District of New York and elsewhere, DOMINGO REY SUAREZ, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to engage in money laundering offenses, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B).

2. It was a part and an object of the conspiracy that DOMINGO REY SUAREZ, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of specified unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, narcotics offenses in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole and in part to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3.     It was a further part and an object of the
conspiracy that DOMINGO REY SUAREZ, the defendant, and others known
and unknown, knowing that the property involved in certain
financial transactions represented the proceeds of some form of
unlawful activity, would and did conduct and attempt to conduct
such financial transactions, which in fact involved the proceeds
of specified unlawful activity, to wit, narcotics offenses in
violation of Title 21, United States Code, Sections 841 and 846,
knowing that the transaction was designed in whole or in part to
conceal and disguise the nature, the location, the source, the
ownership, and the control of the proceeds of specified unlawful
activity, in violation of Title 18, United States Code, Section
1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

The bases for my knowledge and the foregoing charge
are, in part, as follows:

4.     I am a Special Agent with the DEA.  This Affidavit
is based upon my personal participation in the investigation, my
examination of reports and records, and my conversations with other
law enforcement agents and other individuals.     Because this
Affidavit is being submitted for the limited purpose of
demonstrating probable cause, it does not include all of the facts
that I have learned during the course of my investigation.  Where
the contents of documents and the actions, statements, and
conversations of others are reported herein, they are reported in
substance and in part, except where otherwise indicated.

5.     Based on my participation in this investigation,
including my conversations with other law enforcement agents, as
well as my review of reports and records, I have learned the
following, in substance and in part:

a.     Approximately six to eight months ago, DOMINGO
REY SUAREZ, the defendant, traveled from White Plains to Van Nuys,
California on a particular airline (the "Airline").  SUAREZ had in
his possession a carry-on bag.  Before boarding the flight,
employees of a private security company (the "Security Company")
affiliated with the Airline used a canine dog to inspect SUAREZ's
bag.     The canine dog, which is trained and certified in the
detection of narcotics, alerted the Security Company's employees
to the presence of narcotics.  SUAREZ consented to a search of his
bag, which was found to contain bundles of approximately $40,000
to $50,000 in United States Currency.

2

b.     On or about June 6, 2019, at approximately 9:50 a.m., SUAREZ and a particular female ("Female-1") attempted to board a flight that was scheduled to depart from New Jersey and arrive in Van Nuys, California. At the time of boarding, employees of the Security Company requested to search a silver bag that SUAREZ was attempting to bring onto the airplane. SUAREZ refused to consent to the search, and SUAREZ and Female-1 were denied entry onto the airplane.

c.     SUAREZ and Female-1 then went to a hotel located in Manhattan ("Hotel-1"). At approximately 10:43 a.m., SUAREZ and Female-1 requested a room at Hotel-1 and were informed that a room would not be available until after 3 p.m. SUAREZ and Female-1 deposited their bags with the management and then left Hotel-1.

d.     At approximately 1:46 p.m., law enforcement agents arrived at Hotel-1, determined that SUAREZ and Female-1 had attempted to check in to Hotel-1, and asked hotel management for permission to search the baggage room where SUAREZ's bags were being stored. The agents then had a canine, which is trained and certified in the detection of narcotics, inspect the baggage room of Hotel-1. The canine identified that three bags, all of which belonged to SUAREZ, were positive for the presence of narcotics.

e.     At approximately 4:20 p.m., SUAREZ and Female-1 returned to Hotel-1. SUAREZ then gave verbal consent for the agents to search the three bags. The agents observed that at least one of the bags smelled strongly of marijuana and that another bag, which was silver with a black lining, contained bundles of United States Currency of different denominations that were individually packaged in plastic.

3



 

f.    After the agents opened SUAREZ's bags and observed these bundles of cash, SUAREZ stated, in substance and in part, that the silver bag contained approximately $500,000 and that the bag and its contents belonged to him.

WHEREFORE, the deponent respectfully requests that DOMINGO REY SUAREZ, the defendant, be imprisoned or bailed, as the case may be.

RICARDO F. FARQUHARSON
Special Agent
Drug Enforcement Administration

Sworn to before me this
_____ day of June, 2019

HONORABLE GABRIEL W. GORENSTEIN
United States Magistrate Judge
Southern District of New York